CARLTON, J.,
dissenting:
¶ 37. I respectfully dissent. Aaron Thomas could not have waived David Cook’s conflict of interest without full disclosure by Cook. See Miss. R. Prof 1 Conduct 1.7. As an attorney, Cook possessed the duty under our Rules of Professional Conduct to “not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes: (1) the representation will not adversely affect the relationship with the other client; and (2) each client has given knowing and informed consent after consultation.” See Miss. R. Profl Conduct 1.7(a)(l)-(2). Moreover, “[t]he consultation shall include explanation of the implications of the adverse representation and the advantages and risks involved.” Id.
¶ 38. The Rules of Professional Conduct provide that the duty belongs to the attorney to obtain informed consent from the former client, by obtaining knowing and informed consent after consultation *1263 with the client. The attorney’s duty of loyalty to his client is a continuing duty. See Miss. R. Profl Conduct 1.7 cmt. Since Cook possessed a continuing duty to obtain a waiver of the conflict of interest herein, I submit that the statute of limitations did not begin to run in April 2008, the date Thomas first discovered Cook had taken on the adverse representation. Rather, Cook continually breached his fiduciary duty by failing to obtain a waiver from Thomas.
¶ 39. The comment to Rule 1.7 explains that when an impermissible conflict of interest may exist before the representation is undertaken, the representation should be declined. The comment to Mississippi Rule of Professional Conduct 1.16 further explains that if the impermissible conflict arises after the representation begins, then the attorney must withdraw from the representation. In Kiker v. State, 55 So.3d 1060, 1066 (¶ 14) (Miss.2011), the supreme court stated: “If an impermissible conflict arises after the [attorney] already has undertaken representation, the [attorney] should withdraw from the case.” See also Miss. R. Profl Conduct 1.16 cmt.
¶ 40. In the instant case, the majority errs in finding Thomas waived his right to have Cook, his former attorney, disqualified as defense counsel. Cook failed to provide Thomas with any full disclosure or consultation, as required by Rule 1.7, to obtain a waiver of the conflict of interest herein.
¶41. The majority mistakenly relies upon Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1217 (Miss.1996), which is factually different. Wilbourn asked the supreme court to presume access to confidential information and presume breach. Id. In the court’s analysis, it discussed two federal court cases wherein the federal courts had applied waivers' in litigation. Id. However, in applying the law to the claim raised by Wilbourn and in affirming summary judgment against Wilbourn, the supreme court found no Mississippi case on point. Id. The Wilb-ourn, court stated the following:
Summary judgment was proper, although[] no Mississippi case on point addresses an attorney’s duties during an adverse suit against the former client in a similar matter. The cause of action is not established by merely showing that SW & W and Ward had access to confidential information or that the representation was adverse. Wilbourn must establish, not only SW & W, P.A., and Ward possessed and misused the confidential information!,] but also the fiduciary breach was a proximate cause of the injury. These requirements are consistent with the Hickox [v. Holleman, 502 So.2d 626 (Miss.1987) ] requirement of proximate cause. Although Wilbourn alleged SW & W, P.A., and Ward breached and misused confidential information, he failed to show the causal connection.

Id.

¶ 42. In the case at bar, no dispute exists that Cook possessed Thomas’s confidential client information gained by his former representation of Thomas. Moreover, no dispute exists that Cook’s successive representation is directly adverse to his former representation of Thomas. Therefore, under the Mississippi Rules of Professional Conduct, Cook possessed a continuing duty to obtain informed consent from Thomas prior to undertaking new representation directly adverse to his former representation of Thomas. Compare Kiker, 55 So.3d at 1065-67 (¶¶ 14-17); Miss. R. Profl Conduct 1.9(b) (addressing conflicts of interest with regard to former clients).